IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **BRANDON JAMES,** | ) | **CASE NO. 4:13CV3206** |
| **Plaintiff,** | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **BRANDON TAN, et al.,** | ) | |
| **Defendants.** | ) | |

Plaintiff filed his Complaint in this matter on December 10, 2013. (Filing No. 1.) Plaintiff is a prisoner who has been granted leave to proceed in forma pauperis. (Filing No. 12.) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

### I.   SUMMARY OF COMPLAINT

For the most part, Plaintiff's Complaint is illegible. The only allegations the court can make out are that Defendant Brandon Tan acted in an unprofessional manner, Defendant John Doe Kudalac assaulted him, and Pam Hillman refused to dismiss a misconduct report despite conflicting testimony by prison staff. (Filing No. 1 at CM/ECF pp. 4-5.) As relief, Plaintiff seeks $500 billion. (*Id.* at CM/ECF p. 5.)

### II.   APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that

seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

Therefore, where pro se plaintiffs do not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 569-70 (2007), (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.,* 294 F.3d 1043, 1043-44 (8th Cir. 2002), (citations omitted). Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988); *Buckley v. Barlow,* 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION OF CLAIMS

The court has carefully reviewed Plaintiff's Complaint. For the most part, Plaintiff's Complaint is illegible. As to the statements in the Complaint that the court can decipher, Plaintiff's Complaint does not include sufficient facts to support the claims advanced, and is, at best, frivolous and nonsensical.

2

On the court's own motion, Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint that sufficiently describes his claims against Defendants. Plaintiff should be mindful to explain what each Defendant did to him, when the Defendant did it, how Defendants' actions harmed him, and what specific legal right Plaintiff believes Defendants violated.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint that clearly states a claim upon which relief may be granted against Defendants. If Plaintiff fails to file an amended complaint, his claims against Defendants will be dismissed without further notice; and

2. The clerk's office is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on June 3, 2014.

DATED this 5th day of May, 2014.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge

---

∗This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.